HAYDEN *v.* WHEELER & TAPPAN CO.

(*Supreme Court, General Term, Fourth Department.* November, 1892.)

1. CORPORATION—UNAUTHORIZED LEASE BY OFFICER—RATIFICATION—QUESTION FOR JURY.

In an action against a corporation for rent it appeared that the lease was made by defendant's secretary and treasurer without authority. There was evidence that the written lease was sent to defendant in another city, and not returned; that it occupied the premises; that bills for rent were sent to it; and that a former attachment suit for rent accrued under the lease was settled by defendant. *Held,* that the court properly submitted to the jury the question as to whether defendant had ratified the unauthorized lease.

2. SAME—INSTRUCTIONS.

Where the court charged that the lease was not binding on defendant, and, if it settled the former attachment suit in ignorance of the circumstances and material facts, such settlement was not a ratification of the unauthorized lease, it was not error to refuse to also charge that defendant was under no legal obligation to pay the money on the attachment suit, especially as the question to be decided was whether it had ratified the lease.

Appeal from circuit court, Onondaga county.

Action by Daniel E. Hayden, as executor of the estate of Samuel P. Hayden, deceased, against the Wheeler & Tappan Company, to recover rent under a lease. From a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

The action was to recover the rent of stores Nos. 401 and 403 South Clinton street, Syracuse, N. Y., for the month of December, 1891. The plaintiff had leased these stores to one Jefferson Young in June, 1891, for a term commencing the 1st of July, 1891, and ending the 30th day of April, 1892. The plaintiff claimed that on the 16th of July, 1891, by an agreement between himself, Young, and the defendant, he leased the stores to the defendant for the balance of said term at a rental of $50 a month; that the agreement for such rental was made with Robert Forsyth, who was then the secretary and treasurer of the defendant. The plaintiff also claimed that he made a desk and railing for Young, and that Forsyth agreed for the defendant to pay for the same, as well as for the rent of said stores. The evidence tended to show that the defendant continued to occupy the stores, and never returned the keys to the plaintiff; that the defendant had notice of the lease and agreement

made by its secretary and treasurer through the written leases which were sent to the company in Chicago, laid on the company's desk, and not returned, and by bills subsequently sent to the defendant for rent; also by the fact that before this suit was commenced an action against the defendant to recover the rent of the stores for the months of August, September, October, and November was settled by it, and the rent for those months paid, the defendant knowing that such suit was for the rent of the stores for those months, and the desk and railing, for which its secretary agreed to pay. On the trial the court held that the agreement between the plaintiff and the defendant's secretary was not binding upon the defendant, but submitted the question to the jury whether, under all the facts and circumstances disclosed by the evidence, the defendant had, with full knowledge of the facts, ratified the agreement claimed by the plaintiff to have been made with Forsyth for the defendant. The jury found in favor of the plaintiff, and rendered a verdict for the sum of $50.75.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Wandell & Magee*, for appellant. *L. E. Fuller*, for respondent.

MARTIN, J. A careful. examination of the evidence leads us to the conclusion that the court properly submitted to the jury the question whether the defendant ratified the agreement of its secretary and treasurer to hire the premises in question until May, 1892. We are also of the opinion that the evidence was sufficient to justify the verdict, and that the court properly denied the defendant's motion for a nonsuit. The appellant, however, contends that the court erred in declining to charge "that, upon the evidence in this case, the defendant was under no legal obligation to pay the three hundred and fourteen dollars on the first attachment suit." It had already charged that, if they found that the agreement was as claimed by the plaintiff, yet that there was no evidence to show that the secretary and treasurer had any authority to bind the defendant, and then submitted to the jury the question whether there had been a ratification of the agreement, stating that, if there had been no ratification, it must find for the defendant, but, if it found that there had been a ratification of the agreement, it must find for the plaintiff. At the request of the defendant, the court then charged "that in the teeth of the by-laws of this defendant no verbal lease entered into between this plaintiff and Robert Forsyth, as secretary and treasurer of defendant, could impose any legal obligation upon the defendant; that under the by-laws and manner of contracting of this defendant, as indicated by said by-laws, Robert Forsyth, as secretary and treasurer of this defendant, could not bind, under a verbal lease, this defendant, for the rental of these stores from plaintiff, even though plaintiff had no notice of the existence of such by-laws." The court also further charged "that, if the jury found that this attachment was ordered paid by this defendant, in ignorance of the circumstances and material facts and the nature of the attachment, then such order of payment was not a ratification of any unauthorized alleged agreement between this plaintiff and Robert Forsyth." By this examination of the charge it will be seen that the court had already charged that the contract made by the defendant's secretary and treasurer with the plaintiff was not binding, and subsequently charged that, if the jury found that the attachment was paid in ignorance of the circumstances and material facts, the order of payment was not a ratification of any unauthorized alleged agreement between the plaintiff and its secretary and treasurer. Moreover, the question for the jury to decide was not whether the defendant was under any legal obligation to pay the $314 on the first attachment suit, but whether the defendant had so far ratified the agreement made by its secretary and treasurer as to become liable for the rent sought to be recovered in this action. In view of the charge of the court upon this subject, it seems quite

manifest that it properly declined to charge as requested, as it had already charged as favorably to the defendant as it was entitled. We think the defendant's exception to that portion of the charge was not well taken. As our attention is called by the appellant's brief to no other exception, and as we find none that is sufficient to justify a reversal of the judgment, it follows that the judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.